NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 16a0109n.06

CASE NO. 14-2343

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Feb 23, 2016
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| LINDA HARRELL, | ) | |
| | ) | |
| *Plaintiff-Appellant,* | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DELAWARE NORTH COMPANIES, *et al.*, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF MICHIGAN |
| *Defendants-Appellees.* | ) | |
| | ) | |

**Before: GUY, BATCHELDER, and GIBBONS, Circuit Judges.**

**ALICE M. BATCHELDER, Circuit Judge.** Linda Harrell was an at will employee of Sportservice Food Service, Inc., d.b.a. Delaware North Companies (hereinafter "Sportservice"). She sued both entities in federal court, claiming sexual harassment, gender discrimination, and retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (Title VII), and Michigan's Elliott-Larsen Civil Rights Act, M.C.L. § 37.2201 *et seq*. (ELCRA). The district court granted summary judgment to the defendants and we AFFIRM.

**I.**

Linda Harrell had been Sportservice's food and beverage manager at Comerica Park in Detroit, Michigan, since April 2002. Jeffrey Behr had been her direct supervisor since February 2007. On April 10, 2010, Harrell left the following voice message on Behr's cell phone:

> Hey Jeff, it's Linda. I just want to let you know that Laurie just called me and she quit. So, you know what? I just want to let you know that if she quit, I'm quitting too. So you need to find yourself a new food or beverage manager and you need to find yourself a new suites coordinator and I warned you and we've been talking about this for like a good month or two right now. But I just want to let you know that I am not coming into work tomorrow and scrambling to get all this stuff done. You know what, I'm going to give you my notice too.

If you don't find somebody or pay somebody to *(indecipherable)* to do this job, there's nobody that can do it so if you want your suites and your ticket paying customers to come in tomorrow and they don't have their food in, because Laurie's not there, I can't do everything for you. I'm trying.

I've been trying for a long time now and I can't run the suite department, the champion's club, the *(indecipherable)* lounge, the all-you-can-eat suites. I can't do all the stuff by myself. I need help. So we need to talk first thing in the morning. Just please call me. I don't even care if its 3:00 in the morning. Call me. But you know what? I can't do this by myself and you're not going to set me up for failure. OK. Because I've been trying and I'll do the best I can for you but I can't do anymore. So give me a call when you get this message and let's talk about it. OK? I just want to let you know that Laurie Schartz just called me and she said I quit. I told her that you didn't work *(indecipherable)* for me. So she's gone. OK. Thank you.

R. 29-17 at 2-3; PgID 565-66. Behr did not call Harrell back. Instead, Behr and his superiors at Sportservice interpreted this as Harrell's resignation and decided to accept it.

Harrell, however, went to work at 7:30 a.m. the next day, April 11, 2010, as if she had not resigned. But Behr summoned her to his office and told her that Sportservice was accepting her resignation. Harrell argued that she had not resigned, whereupon Behr directed her to speak with Justine Davenport in the Corporate Human Resources Department in Buffalo, New York. In that call, Davenport reiterated that Harrell had resigned and Sportservice was accepting her resignation. When Harrell arrived at work the following day, April 12, 2010, an employee named Millerwise had been instructed to help her exit the building. Apparently, Harrell returned to work again on April 13, 2010, but was told she no longer had a job and was either not admitted or directed to leave. On April 14, 2010, Harrell sent an email to Behr and Behr's supervisor, John Verespie, insisting that she had not resigned but had merely misspoken in an "emotional outburst" on the voicemail, due to job stress and exhaustion, and closed by saying, "I love working at Comerica Park." R. 37-32.

Eventually, Harrell sued Sportservice in federal court, claiming, among other things, sexual harassment, gender discrimination, and retaliation, in violation of Title VII and

Michigan's ELCRA.  Sportservice moved the district court for summary judgment, arguing that Harrell could not point to any evidence to support her claims.  The district court agreed and granted summary judgment to Sportservice on all claims.  Harrell appeals.

**II.**

Sportservice argues that it took no action against Harrell; it merely acknowledged her voicemail message to Behr as her resignation and accepted that resignation.  Harrell contends that she did not resign, but that Sportservice terminated her employment by insisting that she had.  One who voluntarily resigns may not bring a claim under Title VII or the ELCRA for discriminatory or retaliatory discharge.  *See Wilson v. Chipotle Mexican Grill, Inc.*, 580 F. App'x 395, 398 (6th Cir. 2014).  Here, the district court found that, for purposes of deciding the motion for summary judgment, a genuine issue of fact existed on Harrell's claim that she suffered an adverse employment action.  Assuming, as the district court did, that Sportservice actually terminated Harrell's employment, we conclude that her claims of discriminatory and retaliatory discharge cannot survive summary judgment.

**III.**

Harrell has failed to produce sufficient evidence to satisfy a prima facie showing on any of her claims in this case.  Because the district court was both correct and thorough in its opinion, we can analyze each of these failings concisely, without unnecessary elaboration.

On a claim of sexual harassment via hostile work environment, one of the elements of the prima facie case is that the alleged misconduct was "severe or pervasive enough to create an objectively hostile or abusive work environment."  *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).  Most of Harrell's evidence involves allegations of incidents directed at a coworker named Christina Roulo, for which Harrell was not actually present.  Harrell points to only two particular incidents directed to Harrell personally: once in 2007, at a bar following a work

function, Behr allegedly asked her about her sex life and if she "liked sex," and in April 2009, another coworker addressed her as "Toots." Simply put, these isolated incidents are not sufficiently severe, frequent, threatening, or humiliating to demonstrate an objectively hostile or abusive work environment.

On a claim of gender discrimination, one of the elements of the prima facie case is "that she was treated differently than similarly situated males for the same or similar conduct." *Humenny v. Genex Corp.*, 390 F.3d 901, 906 (6th Cir. 2004). Harrell says that she was forced to assume the duties of her subordinates who quit or were fired, and alleges that her male counterparts were not. But Harrell has no evidence to support this allegation. In fact, the record evidence contradicts this allegation; it was common practice for all employees to assume the duties of subordinates who departed, including Behr who assumed Harrell's duties. Because Harrell has no evidence at all to support this allegation, there is no genuine dispute of material fact and she cannot establish this element of her prima facie case of gender discrimination.

Finally, on a retaliation claim, one of the elements of the prima facie case is "a causal connection between the protected activity and the adverse employment action." *Fuhr v. Hazel Park Sch. Dist.*, 710 F.3d 668, 674 (6th Cir. 2013). "Title VII retaliation claims must be proved according to traditional principles of but-for causation," meaning the "protected activity was a but-for cause of the alleged adverse action by the employer." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 133 S. Ct. 2517, 2533-34 (2013). Harrell says that her protected activity was her complaint, over a year earlier, about the alleged sexual harassment. But, as the district court found, even assuming that her employment was terminated, "it was not until after the agitated voicemail had been left with Behr that she was officially relieved of her duties." Because Harrell failed to present evidence that would show her protected activity was a but-for cause of her termination, there is no genuine dispute of material fact on this element of her prima facie case.

4

**IV.**

For the foregoing reasons, we AFFIRM the judgment of the district court.